# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

James E. Berger
Partner
Direct Dial: +1 212 556 2202
Direct Fax: +1 212 556 2222
jberger@kslaw.com

December 3, 2018

**Via ECF**

Honorable John G. Koeltl
United States District Court
Souther District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *In re Application of Republic of Kazakhstan for an Order Directing Discovery from Jefferies & Co. Pursuant to 28 U.S.C. § 1782*, S.D.N.Y. No. 18-MC-541 (JGK); *see also In re Application of Republic of Kazakhstan for an Order Directing Discovery from Linklaters LLP Pursuant to 28 U.S.C. § 1782*, S.D.N.Y. No. 18-MC-540 (GHW); *In re Application of Republic of Kazakhstan for an Order Directing Discovery from GLG LLC Pursuant to 28 U.S.C. § 1782,* S.D.N.Y. No. 18-MC-542 (PAE); *In re Application of Republic of Kazakhstan for an Order Directing Discovery from Renaissance Capital Pursuant to 28 U.S.C. § 1782*, S.D.N.Y. No. 18-MC-543 (VEC)

Dear Judge Koeltl:

      We write on behalf of Anatolie Stati, Gabriel Stati, Ascom Group, S.A., and Terra Raf Trans Traiding Ltd. (the "Stati Parties") in the above-referenced matter to notify the Court of the Stati Parties' intention to oppose the Republic of Kazakhstan's ("Kazakhstan") Petition for Discovery in Aid of Foreign Proceeding Pursuant to 28 U.S.C. § 1782 (the "Jefferies Petition"), and to respectfully request (i) that the Court enter an order requiring Kazakhstan to mark this application and other additional 1782 petitions filed in this Court on the same day as this application (seeking identical discovery from other parties) as related cases so that all applications, if the Court thinks appropriate, may be considered and decided by the same judge, (ii) an adjournment of the December 10, 2018 deadline set by the Court for the Stati Parties to file papers in connection with the Jefferies Petition, and (iii) an adjournment of the December 19, 2018 hearing on the Jefferies Petition to a later date, owing to the undersigned counsel having a pre-existing travel commitment on that day.

**December 3, 2018**
Page 2

**Background**

On November 21, 2018, Kazakshtan filed four *ex parte* Section 1782 Petitions in this Court:[1]  (1) the Jeffries Petition; (2) an application seeking discovery from Linklaters LLP (the "Linklaters Petition"); (3) an application seeking discovery from GLG LLC (the "GLG Petition"); and (4) an application seeking discovery from Renaissance Capital (the "RC Petition").  Notwithstanding the fact that all four petitions seek the same discovery and arise out the same underlying facts, none of the petitions were marked as related to one another.  Accordingly, each of the four petitions was assigned to a different judge.

The Linklaters Petition was assigned to Judge Gregory H. Woods (S.D.N.Y. Dkt. No. 18-mc-540), who by order dated November 27, 2018 declined to grant the application on an *ex parte* basis, ordered Kazakhstan to serve the Linklaters Petition upon the intended respondents by December 7, 2018, and permitted any opposition to the Linklaters Petition to be filed no later than **December 31, 2018** (ECF No. 3).  The GLG Petition was assigned to Judge Paul A. Engelmeyer (S.D.N.Y. Dkt. No. 18-mc-542); to date, there has been no docket activity in that case since the filing of the GLG Petition.  The RC Petition was assigned to Judge Valerie E. Caproni (S.D.N.Y. Dkt. No. 18-mc-543), who by order dated November 30, 2018 (ECF No. 3) granted the RC Petition on an *ex parte* basis and authorized Kazakhstan to issue the subpoena attached to the RC Petition.

**The Section 1782 Petitions Should Be Consolidated**

As noted above, each of the four 1782 petitions filed by Kazakshtan on November 21, 2018 seeks the same discovery, and the document requests contained within all four subpoenas are identical.

Because the legal and factual issues arising from all four applications are likely to overlap substantially, the Stati Parties believe that the most efficient course for the parties and this Court would be to consolidate the petitions to the greatest extent possible.  This approach would save judicial resources, reduce the parties' expense, and reduce the risk of inconsistent rulings.

Given that the RC Petition has already been granted *ex parte*, it now stands on a different procedural footing than the Jefferies Petition, Linklaters Petition, and GLG Petition, none of which has been granted yet.  Accordingly, the Stati Parties respectfully request that, at a minimum, the Jefferies Petition, Linklaters Petition, and GLG Petition be consolidated before the same judge, and that the Court set a consolidated briefing schedule for intervention and opposition papers with respect to these three applications.  With respect to the RC Petition, to the extent the Court finds it impractical to transfer that case so that it could be considered with the other petitions, the Stati Parties intend to file a motion to intervene and to (i) vacate the order granting the petition, (ii) to quash the subpoenas that have been served, and (iii) to stay discovery pending the adjudication of the motion and all other petitions, and will seek a briefing schedule

---

[1] The Stati Parties were notified of the Jeffries Petition by email from Kazakhstan's counsel on December 2, 2018.  The Stati Parties independently became aware of the other three Section 1782 applications shortly thereafter.

**December 3, 2018**
Page 3

for that motion from Judge Caproni (who, along with Judge Woods and Judge Engelmayer, have been copied on this correspondence), or – if all four petitions are consolidated with the same judge – the judge before whom the petitions are consolidated.

### The Stati Parties Respectfully Request An Adjournment of the Opposition Deadline

Pursuant to this Court's order dated November 29, 2018 (ECF Doc. 3), any responsive papers must be served and filed by **December 10, 2018**.  As stated above, the Stati Parties believe that, for the sake of consistency and efficiency, it would be preferable for, at minimum, the Jefferies Petition, Linklaters Petition, and GLG Petition to be briefed before, and ruled on by, the same Court.  Regardless of whether the petitions are consolidated, given the Stati Parties' need to address multiple petitions, and the corresponding need to consult with counsel in multiple foreign jurisdictions, the Stati Parties will require additional time to submit the consolidated opposition they seek, by this letter, to file.  Accordingly, the Stati Parties respectfully request that they be permitted to file an opposition brief addressing those three 1782 petitions on or before **December 31, 2018**.  If consolidation is not possible or granted, and the Jefferies Petition is to be heard on its own before this Court, the Stati Parties request that the deadline to seek intervention and file opposition papers be adjourned to **December 31, 2018**.

Finally, the Stati Parties note that the undersigned counsel is scheduled to be traveling from Los Angeles on December 19, and therefore also request that the hearing, currently scheduled for December 19, 2018, be adjourned to a later date.

Counsel for Kazakhstan declined to give their consent to this request upon our request.  The relevant email correspondence has been attached hereto as Exhibit A.  No prior requests for an adjournment have been sought, granted or denied.

The Stati Parties thank the Court for its consideration.

                                                  Respectfully submitted,

                                                  James E. Berger

Cc:    Honorable Paul A. Engelmeyer (via ECF)
         Honorable Judge Gregory H. Woods (via ECF)
         Honorable Valerie E. Caproni (via ECF)
         Counsel for the Republic of Kazakhstan (via ECF)